848

[Crim. No. 4480. Second Dist., Div. One. June 1, 1950.]

In re JACK A. BROWN, on Habeas Corpus.

Harry W. Elliott and Rodd Kelsey for Petitioner.

William E. Simpson, District Attorney, Jere J. Sullivan and Ralph F. Bagley, Deputy District Attorneys, for Respondent.

WHITE, P. J.—This is an application for habeas corpus from a commitment of Jack A. Brown (hereinafter referred to as petitioner) on a judgment finding him guilty of contempt of court and sentencing him to be confined in the county jail of Los Angeles County "under the provisions of section 1219 of the Code of Civil Procedure" until such time as he should pay one-half of the sum of $2,041.19 for services rendered by a referee appointed in an action wherein petitioner was a defendant.

The record reflects that in the aforesaid action the court rendered an "interlocutory judgment and order of reference" pursuant to which Ralph E. Sperry, "a public accountant in the County of Los Angeles, be, and he is hereby appointed referee to take and state an account to enable this court to render final judgment in the correct amounts." At a subsequent hearing upon the report submitted by the referee, the court fixed the latter's fees at $2,041.19, "and each side is ordered to pay one-half of this fee." Petitioner, having failed to comply with said order, was adjudged in contempt of court and committed to the county jail as aforesaid.

On the hearing before us the petitioner urges that the order of commitment was in excess of the jurisdiction of the court, in that neither in the affidavit upon which the order of contempt was based nor in the entire proceedings, including the commitment, does it appear that he agreed, in writing, upon any rate of compensation for such referee other than that provided for in section 1023 of the Code of Civil Procedure, to wit, $5.00 for every day spent in the business of the reference.

An examination of the record in this case indicates that the court, pursuant to the provisions of subdivision 2 of section 639 of the Code of Civil Procedure, directed a reference, because the taking of an account was necessary for the information of the court before judgment or for carrying a judgment or order into effect. However, section 1023 of the Code of Civil Procedure provides that the fees of referees are $5.00 for every day spent in the business of the reference. unless the parties agree in writing upon any other rate of compensation. It is manifest, therefore, that when the court in the foregoing proceeding allowed a rate of compensation on the basis of $50 per day without any agreement in writing to which petitioner herein was a party, such order was in excess of the court's jurisdiction.

For the foregoing reasons, it follows that the writ should be granted and the petitioner discharged from custody. It is so ordered.

Doran, J., and Drapeau, J., concurred.